# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
November 6, 2001 Session

## STATE OF TENNESSEE v. DANNY MUNSON

**Interlocutory Appeal from the Criminal Court for Shelby County**
**No. 00-01541     Joseph B. Dailey, Judge**

————————————

**No. W2001-00151-CCA-R9-CD - Filed December 31, 2001**

————————————

JOE G. RILEY, J., concurring.

I concur with the result reached by the majority and consider this case distinguishable from Scisney. In Scisney, Judge Tipton and I, in separate opinions, concluded an intoximeter reading of .04%, by itself, was insufficient to establish "beyond a reasonable doubt" that the blood alcohol concentration was, in fact, .04%. *See* State v. Mark T. Scisney, C.C.A. No. 01C01-9605-CC-00209, 1997 WL 634515, at *9-11 (Tenn. Crim. App. Oct. 16, 1997, at Nashville). This was because there was a 25% chance that the actual level was below .04% due to the margin of error. *Id.*

In the case at bar, the blood alcohol level is not an element of the offense requiring proof beyond a reasonable doubt as was the case in Scisney. Here, it is only necessary to establish this sentencing enhancement by a preponderance of the evidence.

Although I do not necessarily agree that the legislature was aware of the margin of error in breathalyzer results, I do believe a trial judge could conclude by a preponderance of the evidence that a .20% test result from a properly administered test satisfies this enhancement provision.

_____
JOE G. RILEY, JUDGE